UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV14-09005 JAK | Date | March 2, 2015 |
|---|---|---|---|
| Title | Mark Bond v. United States<br>(*LA CR94-00563 JAK: United States v. Mark Bond*) | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) ORDER RE PETITIONER'S PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE (DKT. 1, 171) **(JS-6)**

On September 22, 1994, following a jury trial, Mark Bond ("Petitioner") was found guilty of two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951; two counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d); and two counts of using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). LA CR94-00563 JAK, Dkts. 7, 36. On January 23, 1995, Judge Audrey Collins sentenced Petitioner to imprisonment for a term of 562 months. *Id.* Dkt. 54. At Petitioner's sentencing, Judge Collins commented, "this Court does not begin on its own and is not free to sentence as if it were making up a sentence that it got or would be capable of performing the functions of deterrence or rehabilitation or any other sentencing purpose that there is," but that it was "constrained by the Sentencing Guidelines." Dkt. 4 at 7. Judge Collins stated that the sentence was "extremely long, and it is a harsh sentence. But I do not find a downward departure can be justified by this Court based upon the facts before it and based upon the state of the law." *Id.* at 8.

On November 12, 2014, Petitioner filed a petition ("Petition"), assertedly pursuant to 18 U.S.C. § 3661 Dkt. 1. The Government moved to dismiss the Petition as improperly filed. Dkt. 8. Petitioner submitted a Reply, and the Petition was taken under submission. Dkt. 10, 11. Petitioner seeks vacatur of his two convictions under 18 U.S.C. § 924(c).[1] Petitioner does not, on this Petition, challenge the lawfulness of

---

[1] At the time Petitioner was convicted, this section provided for a minimum sentence of five years for the use of a firearm in furtherance of certain crimes, and an additional minimum sentence of 20 years for each second or subsequent conviction. 18 U.S.C. § 924(c)(1) (1994). Under the current version of the statute, the minimum sentence for a second or subsequent conviction is 25 years. 18 U.S.C. § 924(c)(1)(C)(i). The Supreme Court has held that, in the context of 18 U.S.C. § 924(c), "conviction" "refers to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction," rather than to a final judgment of conviction. *Deal v. United States*, 508 U.S. 129, 132 (1993). Thus, multiple counts brought under § 924(c) may be "stacked" in a single Indictment, and a defendant may be sentenced to multiple, consecutive terms of imprisonment under the second or subsequent conviction provision, even if the defendant had not previously been convicted of a § 924(c)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-09005 JAK | | Date | March 2, 2015 |
|---|---|---|---|---|
| Title | Mark Bond v. United States | | | |
| | (*LA CR94-00563 JAK: United States v. Mark Bond*) | | | |

his conviction or sentence. Instead, he contends this is a "Mercy case," and that his sentence is disproportionate to the offenses for which he was convicted. Dkt. 1 at 3. Petitioner notes that several district courts, after consulting with prosecutors, have agreed to dismiss stacked § 924(c) charges, both before and after the entry of judgment of conviction. *See, e.g.*, *id.* at 1-2, 6-16 (citing *Holloway v. United States*, 2014 U.S. Dist. LEXIS 66868 (E.D.N.Y., May 14, 2014); Reply, Dkt. 11 at 2 (citing four additional cases). Petitioner contends that his sentence should be reduced because he is rehabilitated, and will not commit further crimes if he is released; he had no disciplinary incident reports from 1997-2010; he has participated in ongoing education while incarcerated; he does not use drugs or alcohol; and no victims were injured by his offenses. Dkt. 1 at 3-4.

This Court cannot address the merits of Petitioner's claims because it is without jurisdiction to do so.[2] The Petition is a second or successive one under 28 U.S.C. § 2255.[3] The Petition is styled as one brought pursuant to 18 U.S.C. § 3661, which provides, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." However, § 3661 applies at sentencing, and concerns the discretion of sentencing judges and the information they are permitted to consider. *Pepper v. United States*, 131 S. Ct. 1229, 1235-36 (2011). It does not, by its terms, bear on post-conviction relief. The Ninth Circuit has held that, in general, 28 U.S.C. § 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). That provision allows a prisoner in custody to "move the court which imposed the sentence to vacate, set aside or correct the sentence," subject to certain limitations. The Petition, which seeks the vacatur of counts of conviction, is, a "new request for relief on the merits," and it is, in effect, a 28 U.S.C. § 2255 petition. *United States v. Washington*, 653 F.3d 1057, 1066 (9th Cir. 2011).

This Court lacks subject matter jurisdiction to consider a "second or successive habeas application" brought under 28 U.S.C. § 2255 if it has not been certified by a panel of the Ninth Circuit. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3); Ninth Cir. R. 22-3(a); *Wood v. Ryan*, 759 F.3d 1117, 1120 (9th Cir 2014.), *cert. denied*, 135 S. Ct. 21 (2014). Petitioner filed his first § 2255 petition on September 2, 1997. LA CR94-00563 JAK, Dkt. 71. Judge Collins denied the motion and the related request for a certificate of appealability; the Ninth Circuit also denied a request for a certificate of appealability. *Id.* Dkts. 80, 86, 88. Petitioner subsequently filed several § 2255 petitions, which were denied as second or successive petitions filed without authorization from the Ninth Circuit. *Id.* Dkts. 93, 99, 117, 145, 146, 152, 158.[4]

---

offense at the time of indictment. *Id.* at 136-37.
[2] The Court expresses no position as to whether, following an appropriate review, the exercise of prosecutorial discretion would warrant the relief sought by Petitioner.
[3] Petitioner acknowledges that the relief sought is likely possible only if the Government does not oppose vacatur of the counts of conviction. Dkt. 4 at 3. He represents that he has also sent a letter to the United States Attorney's Office for the Central District of California "in the hope of an Intervention on this lengthy sentence." Dkt. 11 at 4.
[4] The Ninth Circuit has also denied several of Petitioner's requests for authorization. *E.g.*, LA CR94-00563 JAK, Dkts. 111, 125, 129, 156, 163, 170.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV14-09005 JAK | Date | March 2, 2015 |
| Title | Mark Bond v. United States | | |
| | (*LA CR94-00563 JAK: United States v. Mark Bond*) | | |

As shown by this record, the instant Petition is a second or successive § 2255 petition. Because Petitioner presents no evidence that the Ninth Circuit has certified his appeal, this Court does not have jurisdiction to consider it.

Petitioner does not expressly request a certificate of appealability from this Court. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (district court may issue certificate of appealability). Even if he did, such a request would be denied. There has been no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

For these reasons, the Petition is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |